UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARNEST SUTTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOARD OF EDUCATION, | ) |
| BREMEN HIGH SCHOOL | ) |
| DISTRICT 228, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

1. This is an action by plaintiff EARNEST SUTTON against his employer, defendant BOARD OF EDUCATION, BREMEN HIGH SCHOOL DISTRICT 228, seeking redress for denying plaintiff procedural due process under 42 United States Code, § 1983 and the state claim of breach of contract .

<u>Jurisdiction</u>

2. Jurisdiction over the statutory violations alleged is conferred as follows:  28 U.S.C. §1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States.  Pendent jurisdiction on the state law breach of contract cause of action is pursuant 28 U.S.C. §1367(a).

<u>Venue</u>

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391 (b)(1)(2) and (3) , in that the Defendant has a corporate business address of  15233 Pulaski Road, Midlothian, Illinois 60445.

<u>Parties</u>

3. At all time material, plaintiff, EARNEST SUTTON was a U.S. Citizen residing at 1213 Oakmont Drive, Flossmoor, Illinois.

4. Defendant, BOARD OF EDUCATION, BREMEN HIGH SCHOOL DISTRICT 228 (hereinafter referred to as "DISTRICT 228") is an Illinois municipal corporation, headquartered at 15233 Pulaski Road, Midlothian, Illinois duly authorized to operate and manage high school affairs in accordance with the laws of the State of Illinois.

## STATEMENT OF FACTS

5. Plaintiff, EARNEST SUTTON, a lifelong resident of the South Suburbs of Chicago, attended Bremen High School as a teenager and graduated in 1985. SUTTON then attended Benedictine University in Lisle, Illinois, earning a master degree in marketing while also working as an assistant coach for the Benedictine University Football Team.

6. Plaintiff SUTTON returned home to Bremen Township, Bremen High School to work "part-time" in the athletic department in 1991– performing extra-curricular duties for the football program in the position of assistant coach.

7. Beginning in 1991 and continuing for approximately sixteen (16) years, plaintiff SUTTON continued his employment "part-time" and was routinely re-hired to work in the athletic department for District 228, either at Bremen High School and/or Hillcrest High School performing extra-curricular duties for the football program, including being appointed to the position of Assistant Football and Head Football Coach.

8. At the start of the 2009 -2010 school year, plaintiff SUTTON was hired as a full-time employee of District 228 - Hillcrest High School pursuant to a "Supervisory Personnel Contract" in the position of Dean of Compliance.

9. On or about June 15, 2009, SUTTON was first hired by District 228, pursuant to a one-year written employment contract (Exhibit A) in the position of "Dean of Compliance" of Hillcrest High School. At the end of the initial one-year employment contract SUTTON continued to be employed as the "Dean of Compliance" of Hillcrest High School for three consecutive years.

10. On or about July 1, 2012, SUTTON was hired by District 228 pursuant to written employment contract (Exhibit B) in the position of "Dean" of Hillcrest High School, categorized as an "Administrator". Pursuant to the terms of this employment contract, the term of employment was for a period of five (5) years, "beginning July 1, 2012 and running through June 30, 2017."

11. SUTTON was re-hired and continued to be employed by District 228 (Hillcrest Hill School) pursuant to a written employment contract for each subsequent school year term – 2010-2011, 2011-2012, and 2012-2013.

12. The employment contract defined SUTTON's obligations as a contact employee of District 228 as "Dean" as, "those duties incidental to assisting the Building Principal in the area of student discipline." The employment contract further provided that, "the Administrator shall also have all duties as assigned by the Building Principal, Superintendent or the Board of Education.

13. The employment contract expressly provided for SUTTON's periodic evaluation as "Dean" by the Board of Education, and specifically required that SUTTON meet clearly defined "performance goals" which included, "indicators of student performance and improvement." According to the employment contract, the performance goals shall be used, "to measure the

performance and effectiveness of the Administrator, along with such other information and evidence that the Superintendent or Board may determine as relevant and/or necessary."

14. Throughout his sixteen (16) year career as either a "part-time" employee and/or a full-time Supervisory Staff Employee for District 228, plaintiff SUTTON satisfactorily performed all of his required job duties and responsibilities and was regularly received excellent and outstanding performance evaluations from his supervisors.

15. On June 10, 2013, at approximately 2:39 a.m., the Homewood Police Department charged SUTTON with marijuana possession, drunken driving, no insurance and improper parking on a roadway.

16. From June 10, 2013, through and including June 18, 2013, no information was presented to SUTTON alleging that his alleged conduct as charged on June 10, 2013 was in any way, conduct which was detrimental to the best interests of the District 228 – either Bremen High School and/or Hillcrest High School.

17. On or about June 18, 2013, SUTTON was advised by Renee Simms, the Principal at Hillcrest High School, that it was the policy and past practice of School District 228 to permit staff to participate in alcohol abuse treatment programs before initiating any disciplinary action and before any action that would lead to possible termination of an employee because of alcohol related issues. Principal Simms further recommended SUTTON self-report the June 10th traffic arrest to the District 228 Superintendent to ensure alcohol treatment would be provided in lieu of any disciplinary proceedings.

18. On June 20, 2013, the local newspaper, Dailey Southtown, publicized SUTTON's June 10th arrest of suspected DUI, traffic violations and possession of marijuana. The traffic arrest occurred on a Sunday morning in a town different from Country Club Hills, Illinois, the

location of Hillcrest High School. SUTTON was not working and was not required to perform any duties for Hillcrest High School on either June 9th or June 10th.

19. On June 25, 2013, SUTTON, as he had been advised to by his direct supervisor, self-reported his June 10th arrest to the Bremen High School District Superintendent, and in reliance on the guidance provided to him by the Hillcrest Principal, made personal and private admissions directly to the Superintendent in order to qualify for the Bremen High School District 228 sanctioned teacher alcohol treatment program authorized for all full-time faculty and staff members.

20. Pursuant to plaintiff's June 2012-2013 employment contract, SUTTON could only be discharged "for cause" defined as, "any conduct, act, or failure to act by the Administrator which is detrimental to the best interests of the School District."

21. Pursuant to paragraph 8(c) of the 2012-2013 employment contract, defendant was required to provide SUTTON "reasons for discharge for cause" and said reasons " shall be given in writing to the Administrator, who shall be entitled to notice and hearing before the Board to determine whether such cause exists."

22. On June 26, 2013, the next day, the Superintendent hand-delivered a letter to SUTTON titled, "Recommendation for Dismissal." Exhibit C. The letter referenced private and confidential information that SUTTON had disclosed to the Superintendent during the private conversation regarding his request to participate in the alcohol treatment program. At no time did the Superintendent inform or advise SUTTON that the confidential information he had disclosed to him constituted punishable admissions that where considered "detrimental to the best interests of the School District."

23. At no time did the Superintendent or the Board of Education for Bremen High School District 228 allege that SUTTON had failed to satisfy any of the several articulated performance goals specified in his five (5) year 2012-2013 employment contract.

24. On July 2, 2013, during a hastily called disciplinary hearing before the Bremen High School Board of Education, the Superintendent presented his "Recommendation of Dismissal" to the Board. SUTTON was permitted to attend the hearing and address the Board members. During the hearing, several Bremen High School Board members asked the Superintendent whether his "recommendation for dismissal" was based on the allegations of the traffic offenses that were not yet proven in court or based solely on the negative publicity that had occurred in the local newspaper about SUTTON.

25. Upon information and belief, the Superintendent subsequently admitted during closed session discussions before the Board and before the vote for immediate dismissal was taken, that his personal recommendation for immediate dismissal was the only appropriate response to be taken following the adverse newspaper article published about plaintiff's suspected DUI arrest.

26. At the conclusion of the closed session portion of the hearing, SUTTON was informed that the members of the Board of Education had rejected the Superintendent's recommendation for immediate dismissal and voted instead to suspend him only.

27. Upon information and belief, the Board's decision not to terminate plaintiff was because plaintiff had not, as of that date, been convicted of any traffic violation or other crime, plaintiff's recognized eligibility for the Bremen High School District 228 alcohol treatment support program and plaintiff consistently receiving "excellent performance ratings" as a Dean and as a full-time staff member in District 228.

6

28. On July 8, 2013, SUTTON, received a letter from the Superintendent indicating that the Board of Education had authorized the Superintendent to suspend SUTTON from all employment for one (1) year provided that he voluntarily agree to certain special conditions for his continued employment under his existing five (5) year employment contract during the one-year suspension period.

29. Upon information and belief, the special conditions outlined in the July 8, 2013, letter were unilaterally imposed by the Superintendent after the members of the Board of Education rejected his recommendation for immediate dismissal.

30. On or about July 27, 2013, SUTTON through legal counsel informed the Board that pursuant to his contract, neither the Board of Education nor the Superintendent individually, had the legal authority to suspend SUTTON, for one-year, without pay, as a form of discipline under his existing employment contract.

31. On August 27, 2013, without any notice or an opportunity to he heard, SUTTON was notified via letter that the Board of Education had convened a second hearing and again discussed SUTTON's continued employment.

32. Upon information and belief the Superintendent again recommended that SUTTON be dismissed for the same reasons that he had submitted to the Board on July 2, 2013.

33. Plaintiff SUTTON was not invited to appear or given an opportunity to present any argument to the Board in his defense. The Superintendent and the Board of Education knew that SUTTON had retained legal counsel and had a right to be present at any hearing seeking to rescind the Board's earlier decision to reject the Superintendent's recommendation for immediate dismissal.

34. On August 21, 2013, the Superintendent informed SUTTON, via letter, that he had been terminated "immediately" after reconsideration by the Board. The letter of termination advised that on August 20, 2013, the Board of Education conducted a closed meeting to reconsider their July 2, 2013, vote.

35. Pursuant to Illinois law, an employer may not "use the fact of an arrest as a basis to act with respect to renewal of employment . . . discharge or discipline, tenure or term, privileges or conditions of employment." 775 ILCS 5/2-103.

36. On April 16, 2014, the Circuit Court of Cook County, found SUTTON not guilty of the June 10, 2013, charge of driving under the influence (DUI) and the offense of having no insurance. SUTTON was fined $500 for illegal parking on the parkway and conditional discharge for the possession of marijuana charge.

### COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. §1983

37. That SUTTON repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 36 as if fully set forth herein.

38. That the Fourteenth Amendment, though paragraph 8(c) of the employment contract, provided SUTTON with a reasonable expectation of procedural due process in the event Bremen High School District 288 would seek to terminate him for cause as defined by the employment contract. SUTTON had a protected property interest in his continued full-time employment pursuant to the terms of the five (5) year employment contract signed in June 2012.

39. That SUTTON had a right to receive formal charges explaining how his alleged suspected conduct as charged by the Homewood Police Department June 10, 2013, constituted conduct which was detrimental to the best interests of Bremen High School District 228.

40. That SUTTON, after the Board of Education voted to reject the recommendation for immediate termination after the formal hearing on July 2, 2013, would not be terminated based on the same "Letter of Recommendation" dated June 26, 2013, and that the terms of the employment contract would be honored by the Bremen High School District 288 following this disciplinary hearing.

41. That on or before August 20, 2013, SUTTON had a right to receive notice and right to be heard at any subsequent disciplinary hearing, and that it was a violation of procedural due process for the Superintendent to convene a second disciplinary hearing for the sole purpose of convincing the Board of Education to alter and change its previous decision rendered on July 2, 2013. There is no provision within the Illinois School Code for the Superintendent to appeal a school's final decision concerning an employee's disciplinary hearing.

42. That the BREMEN HIGH SCHOOL DISTRICT 228, deprived SUTTON of his Fourteenth Amendment right to procedural due process by terminating him after a closed door, hastily called "second" disciplinary hearing, without providing SUTTON notice or an opportunity to be heard before the Board of Education for Bremen High School District 228.

43. That as a result of the aforementioned deprivation of federal rights, SUTTON suffered and will likely continue to suffer harm including, without limitation, loss of income, loss of reputation, loss of enjoyment of life and emotional distress.

Wherefore, plaintiff, EARNEST SUTTON, demands judgment against defendant BREMEN SCHOOL DISTRICT 228, for compensatory damages, immediate re-instatement to his position at Hillcrest High School, all financial bonuses and benefits, plus costs of this action, attorney fees and such other relief as the Court deems just and equitable.

## *COUNT II – BREACH OF CONTRACT*

44. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 36 as though fully set for the herein.

45. On December 28, 2012, SUTTON and Defendant BREMEN HIGH SCHOOL DISTRICT 228, entered into a binding employment agreement for good and valid consideration. The employment agreement is attached as Exhibit A.

46. On July 2, 2013, defendant breached paragraph 8(c) by attempting to force SUTTON to accept an involuntary one-year suspension, without pay and other special conditions imposed at the discretion of the Superintendent, after the Board of Education failed to sufficiently "cause" to terminate the employment agreement.

47. On August 20, 2013, defendant breached paragraph 8(c) by terminating SUTTON effective August 21, 2013, following a board meeting conducted without "notice" and without a hearing and without providing SUTTON a fair opportunity to be heard as expressly required by the employment contract before a finding of "for cause" can be made.

48. On July 2, 2013, and again on August 20, 2013, defendants breached paragraph 8(c) by falsely claiming that charged and unproven misconduct alleged by the Homewood Police on June 10, 2013, constituted "cause" as defined by employment e.g., conduct, which was determined to be "detrimental to the best interests of the School District."

WHEREFORE, plaintiff, EARNEST SUTTON prays that this Honorable Court enter judgment in favor of plaintiff and against defendant in an amount to compensate plaintiff for his loss of employment, plus interest, costs associated with bringing this action, attorney fees pursuant to 705 ILCS 225/1, *et. seq.*, and any other relief this court deems just and proper.

                Earnest Sutton

                By: /s/ *Gregory T. Mitchell*
                    Gregory T. Mitchell
                    Attorney for Earnest Sutton

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 100
Homewood, Illinois 60430
(708) 799-9325
Attorney No. 37742